IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                        Case No. 2:10-CR-297
                                              JUDGE GREGORY L. FROST

RAJIV YAKHMI,

      Defendant.

## ORDER

This matter came on for consideration upon Defendant's Motion to Declare Taxes Paid and to Order the Internal Revenue Service to Discharge All Liens and Cease Collection Efforts (ECF No. 36) filed on September 9, 2015 and upon the Government's Response (ECF No. 42) filed on October 16, 2015.

For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion.

## BACKGROUND

On January 20, 2011, Rajiv Yakhmi pled guilty to one count of Health Care Fraud and one count of Tax Fraud and False Statements. On June 10, 2011, this Court sentenced Yakhmi to 12 months and 1 day imprisonment, to pay restitution, and to satisfy his tax liability of $310,000.00. Thereafter, and pursuant to Yakhmi's plea agreement, $1,059,270.00 in illegal proceeds was forfeited to the Government. Of that sum, $310,000.00 was to be paid to the IRS in order to satisfy all of Yakhmi's tax liability for the 2006-2008 tax years. Both the Government and Yakhmi concede that the $310,000.00 was turned over to the Government and placed in a safety deposit box in order to satisfy Yakhmi's tax liability.

However, not all of the $310,000.00 allotted for Yakhmi's tax liability was used to pay back the IRS. Rather, the Government released $91,366.75 to an "unidentified federal or state agency to offset an overdue debt owed by [Yakhmi]." Therefore, only $218,633.25 of the $310,000.00 allotted to reimburse the IRS was credited toward Yakhmi's tax liability for the 2006-2008 tax years. Given the fact that Yakhmi's tax liability was not satisfied, the IRS began to assess interest and impose penalties on the overdue balance.

In response, Yakhmi filed a motion with this Court to declare taxes paid and to order the IRS to discharge all liens and cease collection efforts. Subsequently, the Government filed a response and admitted that the IRS erred in applying the funds received from Yakhmi's forfeiture. The Government is not seeking payment of back taxes for the 2006-2008 tax years. The Government anticipates that once proper adjustments are completed the taxes owed by Yakhmi for the tax years 2006-2008 will be satisfied and zeroed out. At the time of filing its response, the Government believed that the proper adjustments would be made within a "few weeks."

The only contested matter remaining in this case is the amount Yakhmi owes for the 2009 tax year. However, this falls outside the parameters of the instant case and must be pursued through the normal tax procedure.

## CONCLUSION

This Court, in Special Condition of Supervision (2), required Yakhmi to pay the IRS $310,000.00 in overdue taxes for the 2006-2008 tax years. The Internal Revenue Service concedes that it received $310,000.00 to pay Yakhmi's tax liability for the 2006-2008. The IRS concedes that it misapplied $91.366.75 of the funds allocated to pay Yakhmi's overdue taxes.

The IRS conceded that Yakhmi's tax liability, after adjustments made pursuant to this Court original sentencing order would be $0.00 for the 2006-2008 tax years.  Therefore, this Court **GRANTS** Defendant's Motion to Declare Taxes Paid and to Order the Internal Revenue Service to Discharge All Liens and Cease Collection Efforts with respect to the 2006-2008 tax years because Yakhmi satisfied the payment of the court ordered amount.  Therefore, the IRS has no authority or justification to recover from Yakhmi for the 2006-2008 tax years because the tax liability has been satisfied.

To the extent that Defendant requests that this Court find that the 2009 tax liability has been satisfied, the Court **DENIES** that request.  However, Defendant's tax liability for the 2009 tax year should be calculated without regard to any unjustified penalty imposed or interest accrued due to the fault of the IRS between 2006 and 2008 and that any liens or collection efforts initiated by the IRS for 2009 tax liability be based on an assessment of taxes owed for the 2009 tax year only.

**IT IS SO ORDERED.**

 /s/ Gregory L. Frost
**GREGORY L. FROST**
**United States District Judge**